IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STAN K. MERL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0536-CV-W-SWH |
| | ) | |
| KANSAS CITY POWER & LIGHT CO., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff originally filed this action in the Circuit Court of Jackson County, Missouri. Defendant removed the action to this Court. Pending before the Court is plaintiff's Motion to Remand.

I. BACKGROUND

On April 28, 2005, plaintiff filed a Petition for Damages in the Circuit Court of Jackson County, Missouri. The Petition for Damages alleges in part:

3. Prior to September 3, 2003, Plaintiff was employed by defendant as a lineman for 17 years.

4. As the Plaintiff's employer, KCPL had a duty to provide Plaintiff with training on how to respond to various situations in dealing with the public, and to train Plaintiff on the proper procedures for turning on and off power for KCPL's customers.

5. Defendant failed, neglected, and or refused to provide Plaintiff with the proper training, and or provided him with training which was inconsistent with KCPL's own internal policies to include procedures for life-saving situations for customers facing termination of electrical service.

6. On or about August 22, 2003 Plaintiff was informed and advised that a KCPL customer's power had been shut off.

7. Plaintiff followed KCPL protocol as he understood it, and in accordance with the training he had received. After calling Defendant, its agents, servants and employees, Plaintiff responded, and reconnected the power for the KCPL customer without instructions to the contrary.

8. The KCPL customer's name was Jerry Sipple. Mr. Sipple was in a wheelchair and on a respirator and required continuous electricity to operate such life-sustaining equipment or lack thereof would be fatal.

9. By KCPL policy, Mr. Sipple's services should not have been disconnected.

10. On September 3, 2003, Plaintiff was discharged without cause, as a direct and proximate result for his observance of KCPL policy and for his attempts to comply with the policy and in accordance with the training he received to include no instructions to the contrary.

11. Defendant, its agents, servants and employees to include supervisors, although advised of Mr. Sipple's condition by Plaintiff, did not tell, advise or instruct Plaintiff not to turn Mr. Sipple's power back on when requested for advice.

12. Defendant failed, neglected and/or deliberately refused to authorize or deny Plaintiff approval to reconnect the power at Mr. Sipple's residence. Defendant's conduct in failing to authorize plaintiff to comply with KCPL policy and in discharging Plaintiff for attempting to obey such policy violates public policy as established by KCPL procedures.

\* \* \*

16. Defendant's negligence created a condition that endangered the safety of another person (Jerry Sipple) in the following respects to wit:

    a. By failing, neglecting, and refusing to grant Mr. Sipple's application for a medical approval which would have preventing [sic] Mr. Sipple's power from being disconnected.

    b. By ordering Mr. Sipple's power to be disconnected on or about August 22, 2003 where temperatures exceeded 100 degrees farenheit [sic].

    c. By failing to provide Plaintiff with adequate channels to grant him the authority to turn on power for Mr. Sipple.

    d. In failing and refusing to give advice or counseling to Plaintiff as to

procedure to be followed.

      e.     In remaining silent and failing to respond to Plaintiff's request for
             advice.

      f.     In silently approving the acts of Plaintiff and thereafter firing
             Plaintiff.

17.   Plaintiff was terminated after 17 years of service by the Defendant for
      turning on power for the KCPL customer in an emergency and life
      threatening situation.

18.   Plaintiff turned on power for the KCPL customer because the customer was
      in a wheelchair and on a respirator, which necessitated and required power
      to operate for a life threatening disorder.

19.   Plaintiff's action were [sic] reasonable and for the purpose of saving human
      life.

20.   Defendant's negligence as outlined in paragraph 16 created a peril that
      induced Plaintiff to rescue the imperiled KCPL customer on Defendant's
      behalf.

21.   Defendant KCPL created an unreasonably dangerous and life threatening
      situation that not only threatened the imperiled individual and was thereby
      wrongful, not only to the individual, but to the Plaintiff.

(Petition for Damages at 1-5)

Defendant removed the action to this Court by filing a Notice of Removal on June 10, 2005. The notice alleges that plaintiff's claims are preempted by the provisions of the collective bargaining agreement to which defendant is a party. (See Notice of Removal at 2)

Plaintiff filed a Motion to Remand alleging that his claims are based upon Missouri common law claims for wrongful discharge and negligence under the rescue doctrine. (See Motion to Remand at 1) Plaintiff contends that such claims are independent of the collective bargaining agreement. (See Suggestions in Support of Motion to Remand at 3)

3

## II. DISCUSSION

28 U.S.C. § 1441 allows a defendant to remove a civil action from state court to federal court if the district courts of the United States would have had original jurisdiction of the action.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship,[1] federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. ... The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)(footnotes omitted). Federal question jurisdiction is not created by a federal defense. See Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

"One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)(quoting Metropolitan Life Ins. Co., 481 U.S. at 65).

Removal is proper in this case only if the case is founded upon a federal question which

---

[1] Diversity of citizenship is not an issue in this case. See 28 U.S.C. § 1441(b)(actions which are not founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought). Defendant has admitted in its answer that it is a "corporation conducting business duly organized existing and doing business according to the laws in the State of Missouri."

4

appears on the face of the complaint or if plaintiff Merl's state law claims are preempted by federal statute. The Labor Management Relations Act ("LMRA") is such a federal statute. See Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996); Berreth v. Keystone Elec. Mfg. Co., 269 F.Supp.2d 1084, 1086 (S.D. Iowa 2003). If plaintiff's claims arise under the LMRA, they are preempted.

> Section 301 of the LMRA provides in part:
>
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).

In Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988), the Supreme Court found that wrongful discharge claims are not always preempted by section 301; rather, preemption hinges on whether the resolution of the claim requires an interpretation of a collective bargaining agreement. In Lingle, the plaintiff notified her employer that she had been injured on the job and requested workers' compensation. Id. at 401. Plaintiff Lingle was terminated six days later for filing a false workers' compensation claim. Id. The plaintiff's union representative filed a grievance pursuant to a collective bargaining agreement which protected employees from discharge without just cause. Id. The matter went to arbitration under the terms of the collective bargaining agreement. Id. at 401-02. While the arbitration was pending, plaintiff Lingle filed suit in state court alleging that she had been discharged for exercising her rights under state workers' compensation laws. Id. at 402. The defendant removed the case to federal court and then moved

to dismiss the claim on preemption grounds or, in the alternative, to stay the proceeding pending the completion of arbitration. Id. The Supreme Court granted certiorari on the question of "whether an employee covered by a collective-bargaining agreement that provides her with a contractual remedy for discharge without just cause may enforce her state-law remedy for retaliatory discharge." Id. at 401. The Court found that the resolution of the case involved a purely factual inquiry which pertained to the "conduct of the employee and the conduct and motivation of the employer" and did not require a court to interpret any term of a collective-bargaining agreement. Id. at 407. Therefore, the Court found the state common law claim was not preempted. Accord Paige v. Henry J. Kaiser Co., 826 F.2d 857, 863 (9th Cir. 1987)(tort of wrongful discharge in violation of public policy exists independent of any contractual right and is not preempted by section 301), cert. denied, 486 U.S. 1054 (1988); Berreth v. Keystone Elec. Mfg. Co., 269 F.Supp.2d 1084, 1091 (S.D. Iowa 2003)(claim for retaliatory discharge in violation of public policy was not preempted by section 301).

The issue before the Court in the present case is whether plaintiff Merl's claims are preempted by section 301. According to plaintiff, his claims do not arise from or require the interpretation of the collective bargaining agreement:

> 6. Plaintiff has pled a case for wrongful discharge, and to make a case for this tort in Missouri, Plaintiff must have pled that he was terminated for adhering to state law, policy, and or regulation. Kansas City Power & Light Company (KCP&L) recognizes it as public policy that the utility services of persons who require the use of electricity to operate life-sustaining equipment will not be terminated for non-payment or delinquency. Plaintiff was terminated after he reconnected the power for a resident of Kansas City, Missouri who required power to operate medical life-sustaining equipment. As this policy is neither dictated nor dependent on the collective bargaining agreement, and Plaintiff's right to bring this common law claim does not arise from or require the interpretation of the collective bargaining agreement.
>
> 7. Plaintiff has also pled a cause of action for negligence under the Rescue Doctrine, a common law tort recognized in Missouri. Under this theory,

6

> Plaintiff's employment with KCP&L is irrelevant, because his cause of action lies as a rescuer, saving someone who was put in a perilous position by the negligence of a 3rd party. Plaintiff's cause of action would exist whether or not he was an employee of the Defendant, and therefore, is also independent. As a negligent 3rd party, KCP&L would be liable to anyone who sustained damage providing assistance to someone put in peril by their negligence.

(Suggestions in Support of Motion to Remand at 4)

Missouri courts have recognized causes of action for wrongful discharge and for recovery under the rescue doctrine. In <u>Dunn v. Enterprise Rent-A-Car Co.</u>, 170 S.W.3d 1, 6 (Mo. Ct. App. 2005), the court found that an employee has a cause of action for wrongful discharge if he was discharged for refusing to perform an act contrary to a strong mandate of public policy or for acting in a manner public policy would encourage. In <u>Lowrey v. Horvath</u>, 689 S.W.2d 625, 626 (Mo. 1985)(en banc), the court found that "a person who is injured in the course of undertaking a rescue may recover from the person whose negligence created the peril necessitating the rescue so long as the rescuer's conduct is not rash or reckless." Neither of these causes of action require the Court to interpret the collective bargaining agreement. Therefore, the Court finds that plaintiff's claims are not preempted by section 301 of the Labor Management Relations Act and they should be remanded to state court.

### III. CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's Motion to Remand (doc #3) is granted.

                                        */s/ Sarah W. Hays*
                                          SARAH W. HAYS
                         UNITED STATES MAGISTRATE JUDGE